# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THE BANK OF NOVA SCOTIA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 2018-99 |
| | ) |
| EMANUEL LETANG, CATHERINE LETANG, | ) |
| | ) |
| Defendants. | ) |

APPEARANCES:

**Matthew Reinhardt**
Quintairos, Prieto, Wood & Boyer, P.A.
St. Thomas, U.S.V.I.
    *For The Bank of Nova Scotia.*

## JUDGMENT

**GÓMEZ, J.**

Before the Court is the motion of The Bank of Nova Scotia for default judgment.

### I.   FACTUAL AND PROCEDURAL HISTORY

Having reviewed the record, the Court makes the following findings of fact:

1. Emanuel LeTang is the record owner of property described as

    > Parcel No. 215-213 Estate Anna's Retreat, No. 1
    > New Quarter, St. Thomas, Virgin Islands, as shown
    > on P.W.D. Map No. D9-270-T81, dated July 29, 1981.

    (the "Property"). *See* ECF No. 1, Exh. H at 1.

2. On or about June 22, 2001, Emanuel LeTang and Catherine LeTang (collectively, the "LeTangs") borrowed $148,000 from The Bank of Nova Scotia ("BNS").

3. On June 22, 2001, the LeTangs executed and delivered a promissory note (the "Note") to BNS in which they promised to pay BNS the principal sum of $148,000, plus interest at a rate of 7.75% per annum in monthly installments.

4. On June 22, 2001, the LeTangs delivered to BNS a real estate mortgage (the "Mortgage") encumbering the Property and securing the Note. The Mortgage is attached to the Property. Pursuant to the Mortgage, BNS has the right to declare the full indebtedness of the Note due and payable and foreclose on the Property in the event of a default on the Note.

5. On June 25, 2001, the Mortgage and Note were recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John as Document No. 2001002900.

6. On May 12, 2015, the LeTangs and BNS executed a Loan Modification Agreement amending the Note. In the Loan Modification Agreement, the LeTangs promised to pay BNS the remaining principal and interest of $139,255.32, plus interest at the rate of 5.5% per annum in monthly installments.

7. On March 14, 2016, the Loan Modification Agreement was recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John as Document No. 2016001594.

8. On or about June 1, 2017, the LeTangs failed to pay an installment on the Note when it became due. The LeTangs have failed to pay all subsequent payments.

9. On March 12, 2018, BNS gave the LeTangs written notice of the default on the Note. BNS requested payment within 30 days and advised the LeTangs that failure to cure the default would result in acceleration and foreclosure.

10. The LeTangs have not cured their default and made the required payment of principal and interest as required by the Note and Mortgage. As a result, BNS accelerated the payment on the Note.

11. On November 21, 2018, BNS initiated this action against the LeTangs to enforce the terms and conditions of the Note and Mortgage.

12. On December 10, 2018, BNS served Emanuel LeTang by personally delivering him a summons and copy of the complaint.

13. On December 10, 2019, BNS served Catherine LeTang by leaving a summons and copy of the complaint with Emanuel LeTang, an adult that resided at Catherine LeTang's home.

14. The LeTangs have not filed an answer to BNS's complaint or otherwise appeared in this action. On April 30, 2019, the Clerk of Court entered default against the LeTangs.

15. Emanuel LeTang is a competent adult and is not on active duty for any branch of the United States Uniformed Services.

16. Catherine LeTang is a competent adult and is not on active duty for any branch of the United States Uniformed Services

17. The LeTangs are in default on the Note. As of December 31, 2019, the LeTangs are in debt to BNS in the principal amount of $159,394.41; plus interest on the Note in the amount of $19,374.10; costs in the amount of $3,826.46; late charges in the amount of $854.01; and reserve escrow in the amount of $3187.75. Interest continues to accrue on the Note at a rate of 5.5% per annum. As of December 31, 2019, the total amount of the LeTangs indebtedness to BNS under the Note is $159,394.41.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). A motion for entry of default judgment must contain evidence of the following: (1) that default was entered; (2) that the defendant has not appeared; (3) that the defendant is not an infant or incompetent; (4) that all pleadings were validly served upon the defendant; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service. *See Bank of Nova Scotia v. Abdallah*, No. CV 20012-0033, 2014 WL 2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

## III. ANALYSIS

To prevail on a debt and foreclosure claim, the plaintiff must show that: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the

note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. 2009). The facts found by the Court establish each of the elements for a debt and foreclosure claim.

The premises considered, it is hereby

**ORDERED** that the motion of BNS for default judgment docketed at ECF Number 14 is **GRANTED**; it is further

**ORDERED** that BNS shall recover jointly and severally from Emanuel LeTang and Catherine LeTang the principal amount of $159,394.41; plus interest on the Note in the amount of $19,374.10; costs in the amount of $3,826.46; late charges in the amount of $854.01; and reserve escrow in the amount of $3187.75. Interest continues to accrue on the principal at a rate of 5.5% per annum from December 31, 2019, until the date of judgment; it is further

**ORDERED** that the Mortgage is a first priority lien; it is further

**ORDERED** that the Mortgage, and any liens on the Property subsequent to the recording of the Mortgage are hereby foreclosed; it is further

**ORDERED** that the Property shall be sold by the United States Marshal according to law and the proceeds of such sale

shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code. Second, the proceeds of such sale shall be applied toward satisfaction of this Judgment in favor of the United States, including any costs and attorney's fees that may be awarded upon application and any sums that may be paid by United States for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale with interest from the date of any such payment. Pursuant to Title 5, Section 489(5) of the Virgin Islands Code, the surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the debtor; and it is further

**ORDERED** that

1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notice of the Marshal's sale shall be posted for four (4) weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe the Property as set

out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:

    a. The Property shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.

    b. BNS may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

    c. The terms of the sale as to all other persons or parties bidding shall be cash.

    d. The successful bidder on the Property shall be required to deposit with the United States Marshal cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Property; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the Property.

    e. The United States Marshal shall make his report of the sale of the Property within ten days from the date of the sale.

3. BNS shall have any and all writs necessary to execute the terms of this Judgment.

4. The LeTangs shall be liable to BNS for any deficiency remaining after the sale of the Property; it is further

**ORDERED** that the trial setting in this matter is **VACATED;** it is further

**ORDERED** that all pending motions are **MOOT;** and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

S\_____
**Curtis V. Gómez
District Judge**